IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ROBERT DAVIS,

    Plaintiff,

v.

                              CIVIL ACTION NO. 21 CV 740

WISCONSIN PUBLIC SERVICE CORPORATION,

    Defendant.

## FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, Robert Davis, by and through his attorneys, McDonald & Kloth, LLC, and as and for his First Amended Complaint against the Defendant, Wisconsin Public Service Corporation, alleges and shows to the court as follows:

### NATURE OF T HE ACTION

This action arises under the Family and Medical Leave Act (hereinafter, "FMLA") and Americans with Disabilities Act (hereinafter, "ADA") to correct unlawful employment practices including interference and retaliation under the FMLA and discrimination and retaliation under the ADA and to provide appropriate relief to the Plaintiff who was adversely affected by such practices. Plaintiff seeks a permanent injunction against Defendant, reinstatement or front pay in lieu of reinstatement, lost wages, lost employment benefits, liquidated damages, compensatory damages, punitive damages, costs, attorney's fees, and any other such relief the Court may deem appropriate.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is proper pursuant to 28 USC §1331. This action is authorized and instituted pursuant to the FMLA (29 U.S.C. § 2601 et seq.) and ADA (42 U.S.C. § 12101 et seq.).

2. Venue is proper in this Court pursuant to 28 USC §1391(b) and (c). The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin, and the employment records relevant to such practices are maintained and administered within the Eastern District of Wisconsin.

## PARTIES

3. The Plaintiff, Robert Davis ("Davis") is an adult resident of the State of Wisconsin with a residence located at 217 Wilson Street, Antigo, Wisconsin 54409.

4. The Defendant, Wisconsin Public Service Corporation ("WPS"), is a Wisconsin corporation with its principal place of business at 700 North Adams Street, Green Bay, Wisconsin 54301. WPS lists its registered agent as Corporate Creations Network, Inc., located at 4650 West Spencer Street, Appleton, Wisconsin 54914.

## STATEMENT OF FACTS

5. Davis was employed with WPS as a Locator from April 12, 2019 through September 29, 2020.

6. Davis performed his job satisfactorily throughout his employment with WPS.

7. Davis began experiencing a serious health issue in or around August 2020.

8. Davis sought medical attention for his serious health issue and informed WPS of his serious health issue.

9. Davis was diagnosed with and treated for Prostatitis and bladder instability by his treating physicians.

10. Davis's Prostatitis and bladder instability substantially limited Davis's ability to engage in regular day-to-day activities such as driving, walking, working, and various recreational activities.

11. Davis applied for leave under the Family and Medical Leave Act, which WPS and its third-party administrator, The Hartford Financial Services Group, Inc. ("The Hartford"), approved.

12. WPS approved Davis for "continuous" FMLA leave beginning on August 11, 2020.

13. Davis was entitled to twelve (12) weeks of leave under the FMLA.

14. Davis periodically updated WPS as to his serious health condition by sending notes from his physician to his supervisor at WPS.

15. WPS terminated Davis's employment by letter dated September 29, 2020.

16. Davis's termination was made effective on September 29, 2020.

17. WPS terminated Davis's employment because he was on FMLA leave.

18. Since his termination, Davis has applied for a Locator position with WPS at its Wausau and Green Bay locations.

19. Davis contacted WPS's human resources department to discuss his application for these jobs.

20. WPS's human resources representative, Ms. Julie McIntyre, informed Davis that WPS would not hire Davis.

21. On information and belief, WPS refused to hire Davis because of his prior FMLA leave.

## STATEMENT OF LEGAL CLAIMS

## COUNT I – INTERFERENCE AND RETALIATION UNDER FMLA

22. Davis incorporates paragraphs 1 – 21 as if fully set forth herein.

23. Davis is an eligible employee under the FMLA as he had worked for WPS for over one year and was employed for at least 1,250 hours of service.

24. WPS meets the definition of a covered employer under the FMLA.

25. WPS qualified for and was approved for leave under the FMLA.

26. WPS was aware of Davis's approved FMLA leave.

27. WPS interfered with and restrained Davis's use of FMLA leave by disciplining Davis for being on approved FMLA leave and terminating his employment.

28. WPS retaliated against Davis by terminating his employment because he used leave under the FMLA.

29. As a result of the aforementioned willful violations of the FMLA, Davis is entitled to payment of lost wages and benefits, and an additional, equal amount as liquidated damages in accordance with 29 U.S.C. § 2617(a)(1).

30. Pursuant to 29 U.S.C. § 2617(a)(3), Davis is entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting this FMLA action.

## COUNT II – DISCRIMINATION AND RETALIATION UNDER THE ADA

31. Davis incorporates paragraphs 1 – 21 as if fully set forth herein.

32. Davis is an individual with a disability under the ADA.

33. WPS is an employer as defined by the ADA.

34. WPS was aware that Davis possessed a disability during Davis's employment.

35. WPS failed to engage Davis in the interactive process regarding his disabilities.

36. Davis could perform his job with a reasonable accommodation.

37. Davis requested an accommodation from WPS but was refused an accommodation.

38. Davis objected to WPS not providing him with an accommodation.

39. WPS terminated Davis because of his disability.

40. WPS terminated Davis because he opposed discrimination in the workplace.

41. Davis has suffered and continues to suffer pecuniary and non-pecuniary damages as a result of WPS's unlawful actions.

42. The effect of the practices complained of in the foregoing paragraphs has been to deprive Davis of equal employment opportunities and otherwise adversely affect his status as an employee because of his protected status and protected activity.

43. The unlawful employment practices complained of in the foregoing paragraphs were intentional.

44. The unlawful employment practices complained of in the foregoing paragraphs were done with reckless indifference to Davis's federally protected rights.

45. All conditions precedent to filing this lawsuit have been satisfied, as the Equal Employment Opportunity Commission issued a Right to Sue Letter to Davis on September 14, 2021.

## **PRAYER FOR RELIEF**

A. Grant a permanent injunction against the Defendant and its officers, assigns and all persons in active concert or participation with them, from engaging in any employment practice on the basis of disability or which interferes with or restrains an employee's rights under the FMLA.

B. Order the Defendant to institute and carry out policies, practices and programs that comply with the mandates of the FMLA and ADA.

C. Order the Defendant to compensate Davis by providing reinstatement and appropriate back pay, front pay, liquidated damages, out of pocket costs, lost benefits, compensatory damages, punitive damages, attorney's fees, and costs for its violation of the FMLA and ADA.

D. Grant such further relief as the Court deems necessary and proper in the public interest.

## **JURY TRIAL DEMANDED**

The Plaintiff, Robert Davis, requests a jury trial on all questions of fact raised by this First Amended Complaint.

Dated on this 20th day of September, 2021.

                                                  **MCDONALD & KLOTH, LLC**
                                                  Attorneys for Plaintiff

                    By:   s/Shannon D. McDonald
                            Shannon D. McDonald
                            WI State Bar No. 1036954
                            MCDONALD & KLOTH, LLC
                            N96W18221 County Line Rd. #200
                            Menomonee Falls, WI 53051
                            Direct: (262) 252-9123
                            Office: (262) 252-9122
                            Fax:    (414) 395-8773
                            sdm@themklaw.com
                            cmk@themklaw.com